THE STATE, *ex rel.* GEORGE SCHIERBERG, Relator, *v.* JOHN
GREEN *et al.*, Respondents.

February 14, 1876.

The functions of this court, under the Constitution, are mainly those of an
appellate tribunal, and it will discourage the presentation to it of petitions
asking for a remedial writ in cases which may involve the trial of an
issue of fact.

APPLICATION for *mandamus.*

*Writ denied, with leave to relator to withdraw application
from the files.*

*Foster & Meier*, for relator.

BAKEWELL, J., delivered the opinion of the court.

The relator filed a petition in this court, in which he sets
forth that respondents, together with Ferdinand Meyer, are
commissioners for Exchange Square, in the city of St. Louis;
that, by virtue of certain acts of the Legislature and ordinances of the city of St. Louis, set out by their title in the
petition, John G. Joyce was, on June 26, 1875, superintendent of public parks of said city, and was empowered, with
the approval of the local board of commissioners, to appoint
one proper person as keeper of Exchange Square, and did,
in due form of law, appoint the relator keeper of Exchange
Square, at a salary of $1.75 per day; that relator served
in that capacity from July 15, 1875, to November 30,
1875; that, in accordance with the ordinance in that
behalf, said Joyce signed a pay-roll certifying that relator
had worked, as aforesaid, fifteen days, and was entitled
therefor to a compensation of $26.25; that Ferdinand
Meyer, being satisfied that said pay-roll was correct, signed
the same as by ordinance, as such commissioner, he was
bound to do; but that respondents, although said pay-roll is
correct, unlawfully refused, and still refuse, to certify the
same; that without such certificate the auditor of the city
of St. Louis refuses to issue a warrant upon the treasurer
of said city for said sum of $26.25 in favor of relator, and that

when such certificate is duly signed said auditor will issue his warrant on said treasurer in favor of relator for said sum. Relator prays an order from this court commanding respondents to perform their duty, by certifying said pay-roll according to law.

The petition is very lengthy, and sets out by their title many acts of the Legislature and ordinances of the city of St. Louis. We have stated enough to show its general object, and we express no opinion on the merits of the application.

This court has power to issue writs of *habeas corpus, quo warranto, certiorari, mandamus*, and other original reme-diable writs, and to hear and determine the same, and has a superintending control over all inferior courts of record in the counties of St. Louis, St. Charles, Lincoln, and War-ren; but it is plain that its functions under the Constitution are mainly those of an appellate tribunal. It is furnished with no machinery for trying an issue of fact which might be joined in a proceeding such as this; its duties as an appel-late court are onerous, and fully occupy the whole time of all its judges. Though in session since its creation but six weeks, more than three hundred cases remain undetermined on its docket, and nothing but the utmost diligence on the part of its judges will enable it so to keep up with its neces-sary work as to prevent an unreasonable delay of justice to suitors in the counties over which its jurisdiction extends. It is the duty of this court, therefore, to discourage the presentation of petitions asking for a remedial writ in a case of this character. The application should be made to the Circuit Court, which is mainly a court of original juris-diction, and only incidentally a court of appeals, rather than to a tribunal whose jurisdiction is essentially appellate, and original only under circumstances of a peculiar character, and which is provided with no convenient means of trying an issue of fact.

On grounds substantially the same as those set forth

above, the Supreme Court (*State* ex rel. *v. Stewart* 32 Mo. 379) refused an application for leave to file an information in the nature of a *quo warranto*. The same public interest then alleged to be promoted by a refusal to allow the filing of the information requires that the present application should be denied by us. But, by denying the application, we by no means deprive the petitioner of his remedy, which he may seek in another forum. The relator will have leave to withdraw his petition from the files of this court. The other judges concur.