———o———

STATE OF MISSOURI *ex rel.* SARAH E. HOPKINS, Relator, *vs.* THE COUNTY COURT OF COOPER COUNTY, *et al.*, Respondents.

1. *Mandamus—Application for to Supreme Court, will be refused, when.*—Except in cases of far more than ordinary magnitude and importance, applications for writs of mandamus, made in the first instance to the Supreme Court, will be refused.

*Petition for Mandamus.*

*Wash Adams, Draffin & Williams, and Wagner, Dyer & Emmons,* for Relator.

*J. H. Johnston*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This is an application for a writ of mandamus to compel the county court of Cooper county to pay the interest coupons due July 1, 1873, on certain township bonds issued to the Tebo and Neosho railroad company by said court on behalf of the township of Boonville. In conformity with our long established custom, when the application was first made we denied the writ ; but at the earnest solicitation of counsel, one of whom was Chief Justice of this court when said denial occurred, we temporarily vacated the order denying the writ, to give opportunity to the present counsel to be heard in connection with others in cases set down for re-argument, involving the validity of bonds of the character before mentioned ; stating, however, that the only effect of the vacation of the order would be to place the petitioner in the same attitude as when the application was first made.

The reasons which gave origin to the custom above adverted to, were these :

That parties in ordinary cases were not compelled to come to this court in search of such extraordinary remedies ; that the trial courts were open to them ; that suitors who have by appeal or writ of error brought up their causes to this court and had them docketed, were of right entitled to precedence, whereof they should not be deprived in order to give place to those whose causes of action have but recently accrued, and who, if their application for these unusual writs and remedies were successful, would thereby gain an advantage and priority in point of time on the docket, which they could never hope to attain by the usual course of procedure.

These considerations have, in the crowded state of our docket, hitherto prevailed with us, and will continue to do so, until a case of far more than ordinary magnitude and importance, induces a departure from our general rule.

Without any examination, therefore, into the merits of this application we shall deny the writ. Judge Napton absent ; the other judges concur.