FORD *et al., Appellants,* v. FRENCH.

1. **Ejectment** can be maintained only upon a legal title existing at the time the action is commenced.

2. **Sheriff's Deed.** A sheriff's deed only relates back to the day of sale as to the defendant in the execution under which the sale is made, his privies and strangers purchasing with notice.

3. **Knowledge of Attorney as Affecting his Client.** Knowledge acquired by an attorney while acting for one client, will not affect another client for whom he is acting at the same time, in a different case.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*James Raley* for appellants.

*B. G. Barrow, Vrooman & French* for respondent.

NORTON, J.—This is a suit in ejectment commenced in 1874, in the Schuyler circuit court. The petition is in the usual form. The answer is a general denial, with specific defenses set up, which it is not necessary here to specify. On a trial of the cause in the Randolph circuit court, where the cause had been taken by change of venue, judgment was rendered for defendants, from which plaintiffs have appealed.

The only question presented is, whether the court, at the close of plaintiffs' evidence, erred in sustaining a demurrer to the evidence. Both parties claim through George Bridwell as the common source of title. Plaintiffs, in support of their title, offered in evidence a deed from said Bridwell to A. Bridwell and Edward Butts, dated December 19th, 1859, also an order of the Schuyler circuit court made in August, 1874, directing the then sheriff of said county to execute and deliver to plaintiffs, as the heirs of James H. Ford, deceased, a deed to the land in controversy, which order recites that judgment was rendered in said court on the 17th day of May, 1860, in favor of one William Dunn and against George Bridwell, A. Mays, Abraham Bridwell and Edward Butts, for $638.61, upon which judgment execution issued, which was levied upon the land in controversy, and the land was sold October 4th, 1860, to James H. Ford, deceased, for $82, which was paid, but the sheriff making the sale did not execute and deliver to Ford a deed. Plaintiffs next offered the deed of the sheriff made in pursuance of said order, dated October 26th, 1876, conveying to plaintiffs the land in suit. They also offered the deposition of one Caywood, who testified that he was attorney of said Dunn and obtained the judgment against Bridwell and others, under which the land was sold, that he was present at the sale and acted as clerk thereof. He also testified that six or more months prior to said sale he, as the attorney for French and also for Hughes, had attached said land in suits brought by them respect-

ively against Bridwell. Plaintiffs then read the deposition of McGoldrick, who testified that he and Caywood, as attorneys for Hughes, attached said land on the 23rd day of December, 1859, and, as attorneys for French, attached the same land on the 16th day of January, 1860, in attachment suits against Bridwell; that judgment was rendered in each of said suits October 10th, 1860; that executions issued thereon; that Bridwell having died before sale under the execution, the judgments were filed in the probate court of Schuyler county, where the lien was enforced, and the land sold for the payment of the said judgments, at which sale French and Hughes became the purchasers. The above was all the evidence, and we are of the opinion that the demurrer to it was properly sustained.

It was necessary for plaintiffs, to maintain this suit, to show that at the time the suit was commenced they had 1. EJECTMENT. the legal title to the land sued for. Tyler on Ejectment, 76; *Norfleet v. Russell*, 64 Mo. 170. And as the sheriff's deed to plaintiffs, under which they claim title, was not executed and delivered till 1876, and as the suit was commenced in 1874, it follows that they had no title at the time the suit was brought, unless the evidence showed a state of facts under which the deed would relate back to the day of sale in 1860, and vest title in them from that time.

It is well settled in this State that a sheriff's deed only relates back to the day of sale as to the defendant in the 2. SHERIFF'S DEED. execution under which the sale is made, and his privies, and strangers purchasing with notice. *Leach v. Koenig*, 55 Mo. 451; *Merchants' Bank v. Evans*, 51 Mo. 335.

The evidence of plaintiffs entirely fails to show that the defendants in this suit were either defendants in the 3. KNOWLEDGE OF ATTORNEY AFFECT-ING HIS CLIENT. execution under which the sale in 1860 was made, or that they were in privity with such defendant, or that they were purchasers with notice of the sale. The mere fact that Caywood, who was an attorney

in procuring the Dunn judgment, under which the sale was made in 1860, knew of the sale to Ford, has no tendency to charge with notice either French or Hughes, who were the clients of said Caywood in two other suits in no way connected with the suit of Dunn against Bridwell. Judgment affirmed. The other judges concur.