STATE *ex rel.* PARKER-WASHINGTON COMPANY **v.** JONES *et al.*, *Respondents.*

### In Banc, January 26, 1898.

**Appellate Practice** : MANDAMUS: WHEN DENIED. The Supreme Court will not entertain applications for extraordinary remedies where the applications can be made to the circuit court in the first instance, unless the case is one of more than ordinary magnitude and importance. (Following *State ex rel. v. Walbridge,* 116 Mo. 656, and *State ex rel. v. County Court,* 64 Mo. 170.) And this case is *held* to be one the facts of which do not warrant the Supreme Court in exercising its original jurisdiction in *mandamus.*

### *Mandamus.*

ALTERNATIVE WRIT QUASHED.

*Brown, Chapman & Brown* and *Johnson & Lucas* for relator.

(1) This court has power and is charged with the duty of issuing extraordinary writs, and a mere plea of inconvenience will not be heard to excuse the performance of this duty. Relator was aware of the fact that the Supreme Court was reluctant to issue extraordinary

writs, and would not have filed this application if it had not been in the judgment of its counsel a matter of such importance as to demand a speedy hearing and determination.   The decisions of this court are numerous where it has appointed commissioners to take the evidence and return the same to this court on *mandamus* proceedings. *State ex rel. v. Williams*, 99 Mo. 291; *State ex rel. v. Board of St. Louis Public Schools*, 134 Mo. 296; *State ex rel. v. Lesueur*, 136 Mo. 454; *State ex rel. v. Stephens*, 136 Mo. 537; *State ex rel. v. Lutz*, *Ib.* 633.

*R. B. Middlebrook* and *Harkless, O'Grady & Crysler* for respondent.

PER CURIAM.—This is an original action here by which relator seeks a peremptory *mandamus* to defendants, the mayor and common councilmen of Kansas City, to require them to confirm an agreement for city work let to relator by the city engineer of Kansas City, under an ordinance of that city.   The proposed work is designed to improve certain streets by the construction of asphaltum pavement thereon.   Relator asserts that he was the lowest and best bidder for the work; and, having been awarded the contract (subject to confirmation) is now deprived of its benefit and profit by the refusal of the common council to confirm the intended contract. The relator charges that said refusal is fraudulent and corrupt, and is intended to drive relator out of the business of laying such pavement in said city.   An alternative *mandamus* was sued out in vacation of this court.

In due time a return was made in which defendants allege that relator is unable to comply with the contract on his part, in that he can not furnish asphaltum of the proper quality demanded by the proposed contract.   This allegation is traversed.

The defendants have filed a motion to quash the

alternative writ on the grounds that the pleadings disclose that this is not a case of more than ordinary magnitude and importance, and hence should not be entertained and determined as an original one by this court, especially as serious issues of fact are raised. We have given due consideration to this motion and to the suggestions for and against it. We conclude that the motion should be sustained.

In *State ex rel. Brennan v. Walbridge*, 116 Mo. 656, this court (referring to an earlier decision to the same general effect) declared that "the crowded condition of the docket of this court makes it necessary for us to adhere to the rule heretofore declared that this court will not entertain applications for extraordinary remedies where the application can be made to the circuit court in the first instance, unless the case is one of more than ordinary magnitude and importance (64 Mo. 170)."

The charges of fraud and corruption, on the one hand, and of inability to perform the contract on the other hand, obviously will inaugurate a hearing of a mass of testimony. The whole case is likely to depend on the proper decision of those questions of fact which could be decided more conveniently and satisfactorily in the circuit court than here. That consideration is not alone sufficient to determine our action on this motion. But weighed along with the general characteristics of the dispute, it seems sufficient to turn the scale adversely to the relator. If on every occasion, when a party conceives himself aggrieved by the refusal of a city government to close a contract which it ought to make with him, or to carry out a contract it has made, this court is to try a series of contested issues of fact to get at the real justice of the municipal action in the premises, the time of the court (now much too short) for the treatment of the cases that demand the

exercise of appellate jurisdiction, would be seriously encroached upon. When another forum is open to relator (as in this case) the Supreme Court does not feel itself bound, as a matter of right, to entertain or to hold every case of *mandamus* that is suggested to it. It seems to us that in cases such as that at bar the relator should first be referred to the circuit court for the pursuit of his remedy, if any he has.

We do not desire it to be understood, however, by anything above written, that we intend to intimate any opinion that *mandamus* is available to accomplish the result aimed at by relator. It is difficult to lay down any definite rule that will always be a guide to determine when this court should consent, and when refuse, to exercise its original jurisdiction in *mandamus*. Nor are the precedents on the subject to be readily harmonized. Each case must be viewed in the light of its own facts. Nevertheless, the general principles announced in the decisions already cited afford plain warning that there are limitations to be observed in the exercise of our original jurisdiction in *mandamus*, and we feel it necessary to refer to those limitations in the case at bar.

In our opinion the court should not proceed further with this case. Without any examination of the merits of the controversy, the motion to quash the alternative writ should be sustained, because (as we are now advised) that writ was improvidently awarded. It is so ordered, all the members of the court concurring.