STATE ex rel. MOUNTAIN GROVE BANK, Appellant, v. DOUGLAS COUNTY et al.

### Division One, February 15, 1899.

Judgment Against County: MANDAMUS TO COMPEL PAYMENT: INSUFFICIENCY OF RETURN: DEMURRER. Relator brought suit by mandamus to compel a county court to pay a judgment for $4,576.91 obtained against the county in 1892, and in the alternative writ charged that the county had $3,300 unappropriated and liable and appropriate to the payment of the judgment. The county's return stated $2,681.40 had been collected during the year 1893 as back taxes for the years 1889, 1890, 1891 and 1892 and for the current year 1893, but did not state what part thereof was collected for each of the years designated, but did state that the court had set aside all the sums so collected for county purposes for said named years, and that all of said sums were liable for the payment of warrants already legally issued. To this return relator demurred, and moved for judgment, on the ground that it did not show a legal excuse for refusing obedience to the command of the writ, in that it did not appear therefrom. to what year. any particular part of such fund belonged, nor to what particular class it belonged. *Held* that, in face of the demurrer the presumption must be indulged that the court did its duty and that the allegations of the return that it had properly appropriated the funds for each year designated were true, *and* that relator's course was not by demurrer, but by a motion to make the return more specific, or to have put its allegations in issue by a denial.

*Appeal from Douglas Circuit Court.*—Hon. W. N. Evans, Judge.

Affirmed.

A. H. Livingston and Thos. H. Musick for appellant.

(1) The treasurer has no legal right to pay out the funds of one year for the indebtedness of a different year, and ordinarily can not be required to do so. Nor has he the right to pay out funds of one class on the indebtedness of another class. R. S. 1889, sec. 7665. Were any one of the warrants, say for the year 1893, mentioned in this return, presented to the treasurer for payment he could say as he answers here, "I have funds for the years 1889, 1890, 1891, 1892 and 1893, but I do not know how much for either year nor to what classes they belong and therefore I can not pay the warrant." And so he might answer to any judgment which might be obtained on any of the warrants mentioned. And on such plea he might hold on to these funds so long as he should choose to do so. City of Houston v. Voorhies, 8 S. W. Rep. 109. (2) The return does not state that these warrants were drawn for indebtednesses legally incurred by the county during the years whose dates they bear, nor for indebtedness incurred before the constitutional limitation of indebtedness for the several years had been reached, nor for claims duly allowed and audited by the county court, nor that they had ever been presented for payment, nor to whom they are now severally payable, nor by whom they are now owned, nor that it is the purpose and intention of respondents to pay them out of these funds, nor to pay them at all.

E. H. Farnsworth for respondents.

ROBINSON, J.—This is a proceeding by mandamus instituted in the circuit court of Douglas county, against the

county treasurer and the justices of the county court of said Douglas county, requiring said county court justices to show cause on a day named therein why the county court should not be required to draw its warrant on the treasurer of said county in favor of the relator herein to pay off and discharge a certain judgment held by it against said county, and why the treasurer of said county should not by a like order be required to pay said judgment or the warrant so issued by the county court on account of said judgment.

The petition of relator and the alternative writ issued thereon recite that "the relator on the 2d day of April, 1892, obtained in the circuit court of Douglas county a judgment against (the said) Douglas county for $4,576.91; that said judgment has been presented by relator to said justices of the county court of Douglas county in session as county court for allowance, order of payment and payment and for a warrant on the treasurer of said county for the payment thereof, but that said county court has always refused, and still refuses to allow said judgment claim and to order its payment or to draw its warrant on the treasurer of said county for the payment thereof, and that said treasurer has refused and still refuses to pay said judgment. That there is of money of said county unappropriated to the payment of other demands and liable and appropriate to the payment of this judgment, the sum of $3,300."

In the return to the alternative writ, respondents admit the rendition of the judgment as set out therein in favor of relator against Douglas county, and that same has been presented by relator to the judges of the county court of said county for allowance, order of payment and payment, and that a warrant on the treasurer of the county for payment be issued, and that said county court refused to allow said judgment claim and to order its payment or to draw its warrant on the treasurer of said county, and that the treasurer of said county has refused and still refuses to pay said judgment claim; and further answering respondents say, that

said judgment was rendered in favor of relator on accounts that had accrued prior to the year 1889, and denies that there is now in the treasury of Douglas county of the moneys of said county unappropriated to the payment of other demands and appropriate to the payment of relator's judgment the sum of $3,300 or any other sum or sums of money so liable. "Further answering respondents say that there is now in the treasury of Douglas county, Missouri, of the revenues for the year 1889, the sum of $6.25, which sum of $6.25 is fully covered and liable for the payment of warrant No. ———— for $79.75, drawn on the contingent fund and in favor of Standard Printing Co. and bearing date Feb. 8th, 1889." "That there is now in the treasury of Douglas county, Missouri, of the revenues for the year 1891, $152.62, which sum of $152.52 is fully covered by and liable for the payment of warrants aggregating the sum of $281.10." Then follows a list of thirteen warrants showing the number of each, its date, amount, and to whom issued, etc.

Then follows three similar paragraphs in respondent's answer, showing sums in the treasury of Douglas county, amounting in the aggregate to $224, of the revenue for the years 1891, 1892, and 1893, covered and liable for warrants drawn upon the respective funds set out in each case. Further answering respondents in paragraph 10 and 11 of their return say: "10. That there is now in the treasury of Douglas county the sum of $2,681.40 which sum of $2,681.40 was collected in the year 1893, as back taxes for the years 1889, 1890, 1891, and 1892 and of current taxes for the year 1893, which amount so collected as aforesaid was returned by the collector to the treasurer of Douglas county, as county revenue."

"11. That respondents do not know and can not ascertain what part of said revenue of $2,681.40 was collected as back taxes for any one of the aforesaid years, nor what

part was collected as the current tax for the year 1893. That said sum of $2,681.40 so collected as aforesaid has been appropriated by the county court of Douglas county, Missouri, to the various funds for county purposes for the years 1889, 1890, 1891, 1892 and 1893, and that all of said $2,681.40 is fully covered by and liable for the payment of the following warrants, to wit" (here follows a long list of warrants showing date of issue, number and amount of warrant and to whom issued, aggregating a sum far in excess of the amount of $2,681.40 so set apart and appropriated by the county court for their payment).

To this return or answer, the relator filed its motion for judgment in the nature of a demurrer to the legal sufficiency thereof, and upon the cause coming on for hearing, on said motion, the court found the issues for respondent and the relator prosecuted its appeal from said judgment to this court after the usual preliminaries to that end.

Does the return show a legal excuse for refusing obedience to the command of the alternative writ? is the only question at issue. Though the answer might have been made more definite and specific, and have been more enlightening to the court and satisfying to the relator, when it undertook to classify in part the funds in the hands of the treasurer, and to designate the year to which such fund belonged; and though we do not understand why the county court could not have ascertained what part of the sum of $2,681.40 collected in the year 1893 as back taxes for the year 1889, 1890, 1891, 1892 and for the current year 1893, and returned by the collector to the treasurer of Douglas county as county revenue, and have stated exactly what part thereof was collected for each of the years designated, still the return does allege that the county court set apart and apportioned all of said sum, so collected, in the hands of the treasurer to the various funds, for county purposes, for the years 1889, 1890, 1891, 1892 and 1893, and that all of said sums were fully

covered by and liable for the payment of warrants duly and legally issued by the county court upon the various funds to which it had been appropriated. If the relator was not satisfied with the return on account of its indefiniteness in that particular it should have by proper proceedings required the return to have been made more specific, or have put in issue by a denial the allegation of fact thus stated in such general terms. Not having done either, but standing on its motion, in the nature of a demurrer to the return, we think the court acted rightly in finding as it did. The presumption must be indulged, nothing to the contrary appearing, that the county court did its duty properly when it apportioned and appropriated the money in the hands of the treasurer to the proper funds for the various years designated in the return, although it did say in its return that it did not know what part of said sum of $2,681.40 so collected and turned over to the treasurer, was collected as back taxes for any designated year. It may further be said in support of the judgment of the trial court that the respondent by their return denied generally that there was in the hands of the treasurer of Douglas county any money of said county unappropriated to the payment of demands against the county and liable and appropriate to the payment of relator's judgment to the amount of $3,300, or any other sum. As relator has elected to stand on its demurrer so it must abide the consequences of its position. Respondent's return if true, and so it must be treated for the determination of the issues of this case, is a legal excuse for not complying with the command of the alternative writ, and the judgment of the circuit court will be sustained. All concur.