## THE STATE ex rel. SAGER, v. CORLEY et al.

### Division Two, March 28, 1902.

**Mandamus: APPLICATION TO APPELLATE COURTS: DRAMSHOPS.** Where the applicant for a dramshop license, which was denied him by the county court, waited until after the next term of the circuit court before he applied to an appellate court for a mandamus to compel the county court to issue him such license, the alternate writ will be quashed and the application denied, the case being one of no more than ordinary importance and the delay depriving the writ if granted of any practical efficacy.

*Mandamus.*

ALTERNATIVE WRIT QUASHED.

*W. C. Ellison* for relator.

Mandamus is the proper remedy in a case of this kind. State ex rel. v. Myers, 80 Mo. 601; Bean v. Barton Co., 33 Mo. App. 635; State ex rel. v. Baker, 33 Mo. App. 98. It was proper for one of the judges of the Court of Appeals, in vacation, to issue the alternative writ. State ex rel. v. Weeks, 93 Mo. 499. Since the record of the county court recites that the bonds of the relator, required by the statute, are in due form, and the security satisfactory, it is proper to compel the court by mandamus to approve the same. State ex rel. v. Lafayette County, 41 Mo. 221. "Writs of mandamus are not term writs, returnable only at the next term after they are issued; they may be made returnable during the same term, and the fixing of the time for their return is always within the sound discretion of the court." 14 Am. and Eng. Ency. Law, 236.

*Ed. E. Aleshire* for respondents.

(1) The writ was improperly issued. While an alternative writ may be issued in vacation, the Supreme Court has said, in State ex rel. v. County Court, 64 Mo. 170, that only cases of more than ordinary magnitude shall be brought in the appellate court. In State ex rel. v. Walbridge, 116 Mo. 657, the same doctrine is promulgated. (2) This court will take judicial notice of the several terms for holding circuit court.

GANTT, J.—At the June term, 1899, of the county court of Gentry county, Augustus Sager filed his application for a license to keep a dramshop in the city of Stanberry in said

county.    At the same term of said court certain citizens owning real estate in the block in which said Sager proposed to keep his dramshop filed a written remonstrance against granting said license on the ground that the petition therefor was not signed by the requisite number of assessed taxpaying citizens.    Upon a hearing the court refused the license and dismissed the application.

The regular September term of the Gentry Circuit Court began on September 11, 1899, and remained in continuous session for two weeks and no application was made to it for mandamus or other supervisory writ to compel the county court to grant the license, which it had refused, but on September 28, 1899, the said Sager applied to one of the judges of the Kansas City Court of Appeals in vacation for an alternative writ of mandamus commanding said county court to show cause why it should not grant said license, which writ was granted and made returnable to the Kansas City Court of Appeals on October 7, 1899.    On that day the members of the county court made their return, in which, among other things, they challenged the constitutionality of section 4 of an Act of the General Assembly of Missouri, approved April 20, 1891, and entitled "Dramshops," and thereupon on October 10, 1899, the Kansas City Court of Appeals ordered said application transferred to this court because a constitutional question was involved, and the same was lodged in the clerk's office of this court on October 11, 1899.

No application was made to this court to advance the hearing and two years have elapsed.    This application in the circumstancs detailed must be treated as if originally made to this court, and it appearing that the circuit court of Gentry county was in session for two weeks in September, 1899, and had jurisdiction to hear and determine this matter at a time when some efficacy could have been given to its writ if it had granted it, and the applicant having waited until it adjourned as if purposely to avoid a hearing therein, and thus devolve

upon the appellate courts the labor of examining and deciding a case of no more than ordinary importance, and as a decision by us at this late day in the nature of things would be wholly inefficacious, the alternative writ is quashed and the application dismissed.    [State ex rel. v. County Court, 64 Mo. 170.]
    All concur.