STATE of Missouri ex rel. Victor DIETZ and Lewis Wheeler, Relators,

v.

Bernie CARTER, John Endley, Jr., Earl Allen, Jim Bullington, Loren Penny, Jim Barnes, and Mabel Brookshire, members and clerk of the Board of Directors of Reorganized School District R–3 of Weaubleau, Hickory County, Missouri, Respondents.

No. 7722.

Springfield Court of Appeals.

Missouri.

May 12, 1958.

Schwab & Carr, Don Burrell, Springfield, for relators.

Allen, Woolsey & Fisher, Springfield, Theodore Scott, Buffalo, for respondents.

RUARK, Judge.

Relators have filed their petition for the issuance of an original alternative writ of mandamus directed to the respondents, who constitute the Board of Directors and the Clerk of Reorganized School District R–3 of Weaubleau, Hickory County, Missouri. The order sought is one commanding the calling of an election (with proper posting of notices) to determine a change in boundary as proposed by a petition signed by more than ten qualified voters and taxpayers of such district, in accordance with the provisions of sec. 165.294, V.A.M.S., Laws of 1955, p. 528. The petition recites that relators' have no adequate remedy at law, but makes no allegation as to whether relief has been sought in the circuit court, or if not so sought whether the judge of that court is prejudiced or interested, or otherwise why adequate relief could not have been afforded in that court.

We have jurisdiction to issue remedial writs of this character. Constitution, Art. 5, sec. 4, V.A.M.S.; State ex rel. Dahm v. Goodin, Mo.App., 295 S.W.2d 600. The issuance depends upon sound judicial discretion, exercised with judicial self-restraint. 55 C.J.S. Mandamus § 314 p. 551; Houts, Missouri Pleading and Practice, vol. 4, Mandamus, sec. 1093, pp. 270, 271; State ex rel. Fielder v. Kirkwood, 345 Mo. 1089, 138 S.W.2d 1009. Once issued it is a cast iron and unreasoning writ. Hence it is reserved for extraordinary emergencies and it does not issue where the right is doubtful or there is other adequate remedy. State ex rel. Horton v. Bourke, 344 Mo. 826, 129 S.W.2d 866; State ex rel. Cook v. Kelly, Mo.App., 142 S.W.2d 1091; State ex rel. Schulz v. Fogerty, Mo.App., 195 S.W.2d 908, 911.

We are governed by the Supreme Court rules for practice and procedure in the Supreme and appellate courts, 42 V.A.M.S., and under sec. 1.23 of such rules it

is provided that no original remedial writ, except habeas corpus, will be issued by the court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court. This rule, of course, is not absolute and is waived in event of great urgency for an early determination or public importance. Stemmler v. Einstein, Mo., 297 S.W.2d 467; State ex rel. Cole v. Matthews, Mo., 274 S.W.2d 286. The reasons for the rule lie in the settled law and custom that there must be a strong and special reason for the exercise of this original jurisdiction by a court designed primarily as a court for correction and appellate review of errors of inferior courts (34 Am.Jur., Mandamus, sec. 22, p. 821; 21 C.J.S. Courts § 312 pp. 563, 564; see Ferris, Extraordinary Legal Remedies, sec. 221, p. 257, et seq.), both for the reason that questions of fact may be involved and a proper determination of facts can usually be made more satisfactorily and with less expense to all the litigants in the circuit court than in the appellate court, where the machinery for the taking and preservation of evidence is not as convenient (State ex rel. Parker-Washington Co. v. Jones, 142 Mo. 354, 44 S.W. 224; see State ex rel. Schierberg v. Green, 1 Mo.App. 226, 227), and in the desire to treat all litigants with equality so that one may not, by unnecessary resort to extraordinary writ, secure a place upon the docket ahead of others who have come here by ordinary process. State ex rel. Hopkins v. County Court of Cooper County, 64 Mo. 170. Setting aside writs of habeas corpus into a special class, we think that when an original remedial writ is applied for in appellate court it should be shown in the petition, or by affidavit accompanying it, whether application has been made to the circuit court, or, if not, why such application would not in all probability have accomplished the relief sought. The issuance or denial of the alternative writ will be determined from an examination of the petition and the accompanying papers, and it is good practice to file, and the court is always grateful for, written suggestions of counsel. See State ex rel. Tate v. Sevier, 334 Mo. 771, 68 S.W.2d 50, 53.

 In this case we find nothing in the petition or accompanying papers indicating any reason why full and adequate relief cannot be had in the circuit court. This is not to say, however, that this court will necessarily refuse to issue the writ upon presentation of a petition with a proper showing of inability to secure relief below, great urgency or public interest.

The petition of the relators is dismissed without prejudice.

STONE, P. J., and McDOWELL, J., concur.