**MAIDEN, a Minor, et, Plaintiff, v. MAIDEN, Defendant.**

Common Pleas Court, Montgomery County.

No. 101575. Decided September 20, 1955.

Sharts, Singer & Brown, for plaintiff.
Baggott & Johnston, for defendant.

## OPINION

By NICHOLAS, J.

This matter is before the Court upon the application of a minor, through his mother as next friend, for a declaratory judgment determining the rights, status and legal relations of the minor in respect to the defendant, born out of wedlock, and that subsequent to his birth his mother married a man other than his father.

The evidence shows that the mother, and next friend of the minor, knew and associated with the defendant for a period of about eight months ending about nine months prior to the birth of the plaintiff. The evidence further shows that plaintiff's mother and the defendant engaged in sexual relations during this period of time and that the last sexual relations occurred approximately nine months before the birth of plaintiff.

The defendant presents a question of whether the question of the paternity of the plaintiff is not a moot question so far as this proceeding is concerned. The Court feels that the question is not moot, in that, plaintiff is entitled to have an adjudication of the question of his paternity, and have established as a matter of record the fact that he is the son of the defendant, entitled to use the name of the defendant and to have support from the defendant.

The statute providing for declaratory judgments provides that Courts of record may declare rights, status and legal relations whether or not further relief is or could be claimed. In the text entitled "Declaratory Judgments," by Bochard, 2nd Edition, Page 485, it is said,

"It is probable, because of the efficiency of statutory provisions and of modern social agencies, that the need for a special declaration of a child's relation to a parent will be slight but, when it does arise, the question is of vital importance and calls for a remedy which will have behind it the authority of a judgment."

In the text entitled "Actions for Declaratory Judgments" by Anderson, Volume 2, Section 643, Page 1469, it is said,

"A child may by legal action exact fulfillment of the father's duty to support it, and no one has the right to contract away the child's right in this respect, and no reason presents itself why such right might not be appropriately adjudicated in a declaratory judgment action."

In the work entitled "Disputed Paternity Proceedings" by Schatkin, 2nd Edition, Page 282, it is stated,

"An action for a declaratory judgment is the only method of securing a binding and conclusive adjudication of the child's legal status, that will have the effect of a judgment in rem."

In the case of Miller v. Curri, 208 Wisconsin 199, it is held,

"The Court will entertain jurisdiction of a proceeding for a declaration upon the question of the legitimacy of a person independently of any controversy relating to other rights;"

The defendant further contends that a declaratory judgment action cannot be substituted for a bastardy action. A bastardy action is a civil action between the mother of the child as plaintiff, and the one accused of being the father as the defendant. This is an action by the child himself and, therefore, differs entirely from a bastardy action.

In the case of Craig v. Shea, 102 Nebraska 575, the Court held,

"There being no provision in the statute allowing bastardy proceedings to be brought by a married woman, and no other remedy being afforded except criminal prosecution, an illegitimate minor child may, by her next friend, maintain a suit in equity against her putative father to declare her status and recover support and maintenance."

In the text of "Actions for Declaratory Judgments" by Anderson, Volume 2, Section 643, Page 1468, we find,

"The declaratory action is a handy tool, the use of which will readily solve any issues or difficulties presented in connection with the status of a child. Such an action is applicable to determine the parentage of a child in a bastardy proceeding, or legitimacy, adoption, parentage and the like."

In the case of Urquhart v. Urquhart, 196 Misc. Reports 664, the upper Court sustained the decision of the lower Court finding the former husband of a child's mother to be the father of the child in an action for declaratory judgment by the infant through his mother as next friend. There was no evidence offered as to the money value right of the child and, therefore, no order made as to money judgment.

The Court finds, as a matter of law, that an action for a declaratory judgment is properly brought in this case, and that the plaintiff is entitled to a declaration of his rights, status and legal relations.

The Court finds, as a matter of fact, and by a preponderance of the evidence offered, that the defendant is the father of the minor plaintiff.

An entry may be prepared accordingly.