STATE of Missouri ex rel. ANONYMOUS, next friend of Richard and Roger ———, Minors, Relators,

v.

J. Donald MURPHY, Presiding Judge of the Jackson County Circuit Court, Kansas City, Missouri, Respondent.

No. 23622.

Kansas City Court of Appeals.

Missouri.

Feb. 8, 1962.

William C. Partin, Kansas City, for relator.

HUNTER, Presiding Judge.

This controversy comes to us on an application for a writ of mandamus. Richard and Roger ———, minors, by their mother and next friend ———, filed a petition

in the Jackson County Circuit Court, seeking a declaratory judgment declaring that Sgt. ———, defendant, a nonresident of Missouri and a member of the United States Armed Forces, stationed in Maryland, is the natural father of Richard and Roger.

Relators in their circuit court petition alleged that they are residents of Jackson County, Missouri; that their mother was never married to defendant, but that he had acknowledged relators as his natural children, had contributed to their support, and to the support of their mother during the period of gestation, but now denies that he is the father of relators and has refused to advise the military authorities of his parentage of these minor children by reason of which they are unable to receive certain benefits provided by law for dependents of members of the United States Armed Forces. They concede he is a nonresident of Missouri.

Service was had upon defendant in Maryland by registered mail. Defendant appeared specially in the circuit court action and moved to quash the service of process alleging that the nature of the action was not such as to authorize valid service on him by registered mail.

■ Respondent circuit judge sustained the motion to quash the service, quashed it, and refused to hear the case on its merits. Relators seek our writ of mandamus ordering respondent to set aside his order quashing service and to proceed to hear the declaratory judgment action. They contend they have no other adequate remedy to compel respondent to assume jurisdiction of the cause and to grant a trial on the merits for the reason that no appeal is allowed from an order sustaining a motion to quash service of process. We agree with this contention. See, Frank v. Sinclair Refining Co., 363 Mo. 1054, 256 S.W. 2d 793; Tobin Asphalt Products, Inc. v. Henwood, Mo.App., 199 S.W.2d 415; Evans v. Barham, Mo.Sup., 184 S.W.2d

424; Civil Rule 82.01, V.A.M.R.; Section 512.020 RSMo 1959, V.A.M.S.

Several preliminary matters need discussion for the light they may shed on our determination of the precise question presented to this court.

The Declaratory Judgments Act of this state, Section 527.010 RSMo 1959, V.A. M.S., provides: "The circuit courts * * * shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * and such declarations shall have the force and effect of a final judgment or decree".

■ It is well recognized that a Declaratory Judgment Act, such as ours, is applicable generally to determine the parentage of a child and the status of a child with relation to an alleged natural or adoptive parent. 26 C.J.S. Declaratory Judgments § 37, page 115; 2 Anderson, Actions for Declaratory Judgments, Section 643, page 1468; Borchard, Declaratory Judgments, 2 Ed., page 485. In Keiser v. Wiedmer, Mo.App., 263 S.W.2d 63, and Menees v. Cowgill, 359 Mo. 697, 223 S.W. 2d 412, our appellate courts specifically have so held. Hence the circuit court has jurisdiction of the subject matter of this action by authority of the Declaratory Judgments Act.

Civil Rule 54.08(a) provides: "Service by mail or by publication shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any *res* or *status within the jurisdiction of the court*, * * *." (Emphasis ours.) Relators contend their declaratory judgment action to establish and declare that defendant is their natural father is an action to establish a status within the jurisdiction of the court, and that service by registered mail on a nonresident of this state is proper and sufficient to give jurisdiction to the court to declare their status as children of the nonresident defendant so served.

Thus, the precise question presented for our determination is whether valid service has been obtained on a nonresident defendant in a declaratory judgment action brought by two minor children for the avowed purpose of establishing and declaring that the defendant is their natural father where the service in question is by registered mail.

Respondent's position, as indicated in Relators' Application for this writ and supplementing suggestions, is that the relief sought by relators in their declaratory judgment action is necessarily a personal judgment against defendant and since he is not a resident of the State of Missouri, and was not served in this state, such service is neither authorized nor valid.

■ It is fundamental that no court has the power to render a personal judgment against a person unless it obtains jurisdiction over his person. Admittedly, nothing has occurred in the declaratory judgment action that has resulted in the circuit court obtaining jurisdiction over the person of defendant.

The inevitable and controlling question is whether the declaratory action is one merely to declare a status that is within the jurisdiction of the circuit court or is an action which in its very nature is essentially one for a personal judgment.

If the action is merely to declare a status that is within the jurisdiction of the court, such as an action in rem where the thing to be affected is within the jurisdiction of the court and not one to affect as such any personal right of defendant, then we agree that the requisite jurisdiction for granting the relief asked is present and the service by registered mail should not have been quashed. On the other hand if the action is brought to obtain a declaration that affects the personal rights of defendant and seeks a binding judgment against him having that effect, then the action is an in personam action and service by registered mail on nonresident defendant is neither authorized by Civil Rule 54.08(a) nor valid, and was properly quashed by the circuit judge.

■ Whether a particular proceeding is in rem or in personam is determined by its nature and its purpose. 1 Am.Jur., Actions, Section 44, page 435. Each particular action must be examined carefully before deciding whether or not it is a personal action.

■ We believe it evident and we have concluded that the declaratory judgment action before us in this proceeding is not one seeking the declaration of a status that is within the jurisdiction of the court because relators and their mother reside within the court's territorial jurisdiction, but rather is an action seeking a binding personal judgment against defendant. The judgment sought would declare relators to be the natural children of defendant. Such a judgment necessarily would also determine that defendant is the father of relators. As their natural father, defendant would be personally liable for their support. State ex rel. Kramer v. Carroll, Mo. App., 309 S.W.2d 654; 39 Am.Jur., Parent and Child, Section 35, pages 630, 632; In the Matter of Scarritt, 76 Mo. 565; Annotation 1 A.L.R.2d 910. They, absent a valid will to the contrary, would be entitled to a share of his estate upon his death. In addition to this effect on his civil rights and duties he could be faced with possible criminal charges for nonsupport. See, Section 559.350 RSMo 1959, V.A.M.S. The judgment obtained, if valid and binding on defendant, would be used to obtain a military dependency allowance, a portion of which would be taken from defendant's military salary. Neither theoretically nor realistically can we say that the judgment sought in this particular declaratory judgment action is other than one in personam, and one directly affecting the personal rights of defendant.

We are supported in our conclusion by the well reasoned case of Hartford v. Su-

perior Court, 47 Cal.2d 447, 304 P.2d 1. In that decision, the Supreme Court of California had the same basic question as that now before us. In ruling that the registered mail service obtained on the nonresident defendant was not valid, the California court noted that its declaratory judgment statute contemplated the obtaining of a final, binding judgment on the parties before the court, and that normally the judgment in such an action would be res judicata. As previously noted, our Missouri Declaratory Judgments Act specifically provides "such declarations shall have the force and effect of a final judgment or decree". Our Missouri Supreme Court En Banc, in Land Clearance for Redevelopment Authority v. City of St. Louis, 270 S.W.2d 58, 62, in discussing this feature of the Missouri Declaratory Judgments Act, stated, " * * * a declaratory judgment is neither an advisory opinion nor a decision of a moot question, because it must involve a real controversy *in which the result would be res judicata between the parties*". (Emphasis ours.)

After mentioning this same feature of the California Declaratory Judgment Act the California court said, loc. cit. 5: "Plaintiff correctly concedes that if the purpose of the present action were to enforce a duty of support or some other personal obligation growing out of the parent-child relationship, personal jurisdiction over defendant would be essential. (citations.) This requirement cannot be avoided by limiting the relief sought to a binding adjudication of the parties' status, since such an adjudication would prevent relitigation of the basic issue on which defendant's personal obligations to plaintiff must rest and to that extent would necessarily constitute a personal judgment against him".

Because personal jurisdiction over the defendant was essential to the action brought by relators in the circuit court, the service upon defendant outside the state was unauthorized and ineffective. The trial judge properly quashed it and correctly refused to proceed to hear the case on its merits.

Relators in their petition for writ of mandamus have asked this court to issue its alternative writ of mandamus to the circuit judge to show cause why he should not set aside his order quashing service, assume jurisdiction of the cause and proceed to try it on the merits. An alternative writ of mandamus should never issue unless the petition for the writ states facts which, if true, would authorize the issuance of a peremptory writ. State ex rel. Coffman v. Crain, Mo.App., 308 S.W.2d 451(5); State ex rel. Tate v. Sevier, 334 Mo. 771, 776, 68 S.W.2d 50, 52(5).

Since we have determined that the facts stated in the petition for writ of mandamus, if true, do not entitle relators to the issuance of the writ, the petition for writ of mandamus is denied and dismissed.

It is so ordered.

All concur.