IN RE PATERNITY.

[Cite as In re Paternity, 4 Ohio Misc. 193.]

(No. 16872 J. C.—Decided June 24, 1965.)

DECLARATORY JUDGMENT: Juvenile Division, Court of Common Pleas of Hamilton County.

*Mr. Vernon Stiver,* for plaintiff.
*Mr. John L. Undercoffer,* for defendant.

SCHWARTZ, J. This is an action brought by an illegitimate child for a declaratory judgment, asking that the defendant be found to be his putative father and thereby obtaining financial support for himself, and also the right to have his surname changed to that of the defendant.

This court is not naming the parties because it is needless in a judicial opinion of this kind and only hurts more human beings. It is disgraceful enough to be illegitimate or charged with being the putative father without perpetuating the identification. The ultimate goal of judicial opinions is to set precedent and to guide in the field of law, and the names of the parties are not required for this purpose.

In the pleadings, plaintiff admits in her amended reply that a bastardy charge had been brought by her natural mother against the defendant in another county in Ohio, and that a compromise agreement was effected as provided in Section 3111.07, Revised Code. This section provides that:

"If, during the examination before the judge of the county court, juvenile judge, or referee, or before judgment in the Court of Common Pleas or the Juvenile Court the accused pays or secures to be paid to the complainant such amount of money or property as she agrees to receive in full satisfaction of all claims she has individually against said accused arising out of said complaint, the court, judge, or referee, with the approval of the judge, shall discharge the accused from custody upon his paying the costs of prosecution. Such agreement must be made or acknowledged by both parties in the presence of the court, judge, or referee, who shall enter a memorandum thereof on his docket or cause it to be made upon his journal. This section does not bar prosecution of the accused under any statute providing for prosecution and punishment for the nonsupport of legitimate or illegitimate children."

The plaintiff pleads that she has the aforestated cause of action for herself individually, regardless of the proceedings between her mother and the defendant. To this defendant filed a demurrer on the ground that there was no cause of action. This court hereby sustains the demurrer.

"The common law afforded no remedy to compel a putative father to contribute to the mother of the bastard child any sum necessary for her support, maintenance, and necessary expenses

caused by pregnancy and childbirth, and the Bastardy Act is designed to remedy this defect in the common law. A bastardy proceeding has for its primary object the fixing of a sum of money to be paid by defendant to the complainant for her support, maintenance, and necessary expenses caused by pregnancy and childbirth.

"Prior to 1923, when sweeping amendments were made to the Bastardy Act, the proceedings were universally conceded to be for the benefit of the state, and not for the benefit of the mother, that is, the proceedings were intended to protect the state from the expense of maintaining bastard children. Today, however, a bastardy proceeding is authorized for the sole benefit of the mother, and is exclusive in that respect." 7 Ohio Jurisprudence 2d 439, Bastardy, Section 3.

"The Bastardy Act modifies the common law. *Where a right not originally recognized at common law is conferred by statute, with a statutory form of remedy, or where a common-law right is pursued under a statutory remedy, the parties can have only such remedies, and, under the statutory forms* of proceeding, prosecute such rights and make such defenses at such time and in such manner as are specifically named in the statute. As a corollary, where a statute creates a liability, to be ascertained and discharged in a mode or modes specifically provided for, the liability can neither be ascertained nor discharged, *except in the manner prescribed by the statute.* Therefore, the right of action under the Bastardy Act, and the form of it, are wholly dependent upon the statute. *And since a bastardy proceeding is wholly statutory and somewhat penal in nature, statutes relating to that subject should not be enlarged by implication beyond the words actually used.*" (Emphasis added.) 7 Ohio Jurisprudence 2d 442, Bastardy, Section 5.

Hence, the determination of paternity is strictly a statutory proceeding.

To permit the case at bar to go forward by a declaratory action would create a cause of action not provided by the statute, and cannot be upheld. Further, it would render useless Section 3111.07, Revised Code, which provides for a compromise of a bastardy proceeding.

The law encourages settlements of litigation.

"The courts have considered it their duty to encourage

rather than to discourage parties in resorting to compromise as a mode of adjusting conflicting claims." 15 American Jurisprudence 2d 938, Compromise and Settlement, Section 4.

"The law favors the amicable settlement of controversies." *Post* v. *Buck's Stove & Range Co.*, 200 F. 918.

It has been held that if there is one thing which the law favors above another, it is the prevention of litigation by the compromise and settlement of controversies. *White* v. *Brocaw*, 14 Ohio St. 339, 346.

If the action at bar were upheld, then truly the lofty legal purpose of compromise would be made useless. The mother has much at stake—as great an advantage and interest to settle as the alleged putative father has. She avoids the humiliation, degrading and tragic publicity in an open hearing in court before a jury, and saves the possibility of losing, which would make the hurt double for her, as well as the unfortunate child. Hence the wisdom of the statute which encourages compromise and settlement.

In view of the above decision the claim to the right to use the surname of defendant is superfluous. However, the changing of the name can only be claimed in a statutory proceeding such as Section 2717.01, Revised Code, and not in the manner requested by plaintiff.

The attention of the court has been directed to the cases of *Maiden* v. *Maiden*, 78 Ohio Law Abs. 551, and *Wilson* v. *Early*, 23 Ohio Opinions 2d 440. The *Wilson case* held: "(A) minor, born out of wedlock, may maintain an action through his next friend for a declaratory judgment to establish as a matter of record the fact that he is the son of the defendant, entitled to use the name of the defendant and to be supported by him."

With these decisions we disagree. As aforequoted, bastardy proceedings are strictly statutory and must be followed in that manner. Only the Legislature can change this. We agree that the way of the innocent illegitimate child is hard and cruel, yet the courts can only follow the statutory law and not their moral or sympathetic inclinations and desires.

*Demurrer sustained.*