Mary **GURNIAK**, formerly known as Mary Markowska (Roth) Devisee Under Joint Will of Mary Liszewski, deceased, and Walery Liszewski, Appellant,

v.

Walery **LISZEWSKI**, also known as Walter Liszewski, and Frank Liszewski, Respondents.

No. 51912.

Supreme Court of Missouri, Division No. 2.

Jan. 9, 1967.

Motion for Rehearing or for Transfer to Court En Banc Denied Feb. 13, 1967.

and she also sought a judgment setting aside the quitclaim deed to Frank Liszewski.

Each defendant filed a motion to dismiss the petition for failing to state a claim upon which relief could be granted, and each defendant also filed a motion to dismiss on the ground that "the court lacks jurisdiction of the subject matter in that the Will under which plaintiff, as devisee, claims right and title has not been duly admitted to probate." The latter motions were sustained, and the petition was dismissed with prejudice. No ruling was made on the motions to dismiss for failure of the petition to state a claim on the ground that by reason of the ruling on the other motions they had become moot.

 The instrument was not offered for probate after the death of Mary Liszewski, and Walery Liszewski is still living. Therefore, the instrument has no standing as a will, and on the basis of constituting a will it is ineffectual for the purpose of proving title to or the right to possession of real estate. Section 473.087 RSMo 1959, V.A.M.S.; Wyers v. Arnold, 347 Mo. 413, 147 S.W.2d 644, 134 A.L.R. 876. However, the second provision of the instrument, as above set out, purports to contain the terms of an agreement or contract between Mary and Walery Liszewski concerning the disposition of their property. "Generally speaking, a contract between husband and wife for the execution of wills containing reciprocal bequests and bequests to a third person effective in enjoyment on the death of the testator last surviving is enforceable, provided the agreement is not harsh or unconscionable, but is supported by a sufficient consideration, and is definite and certain. A person may make a valid agreement binding himself to make a particular testamentary disposition of his property in consideration of the undertaking of the other party to the agreement to dispose of his property in a particular manner by will, and renouncing the power to revoke his will." Annotation, 169 A.L.R. at p. 28. See also, Plemmons v. Pemberton,

Muehlenkamp, Brazil & Murray, Robert E. Murray, Dellwood, for appellant.

Sale & Evans, David L. Campbell, St. Louis, for respondents.

STOCKARD, Commissioner.

The trial court dismissed plaintiff's petition on the ground that it had no jurisdiction of the subject matter, and plaintiff has appealed.

On April 12, 1957, Mary Liszewski and Walery Liszewski, husband and wife, executed a joint will which contained the following provision:

"Second: We Walery Liszewski and Mary Liszewski his wife do hereby agree by and between ourselvs [sic] that is [sic] case that one of us shall depart from his or her life then this last will and testament shall remain unchanged as stated hereafter."

Thereafter in the will there was a devise to plaintiff of real estate known as 1849 North Market Street, St. Louis, with the "understanding" that she should pay designated sums of money to named children of Walery Liszewski by his previous marriage and to named children of Mary Liszewski by her previous marriage, said sums to "be paid in cash * * * from property 1849 North Market Street." Mary Liszewski died on April 5, 1959, and on November 21, 1960, Walery Liszewski executed and delivered to Frank Liszewski, his son, a quitclaim deed to real estate located at 1849 North Market Street, but reserving to himself a life estate.

By her petition plaintiff sought a declaratory judgment "decreeing the joint Will * * * to have been irrevocable by Walery Liszewski * * * from and after the date of death of Mary Liszewski,"

346 Mo. 45, 139 S.W.2d 910; Stewart v. Shelton, 356 Mo. 258, 201 S.W.2d 395; and Hart v. Hines, Mo., 263 S.W.2d 13. Probate of the instrument as a will is not essential to the proof of the terms of the instrument as constituting a contract.

Plaintiff brought her action as a third party beneficiary under an alleged contract for a declaratory judgment. "Relief by declaratory judgment is sui generis, and while not either strictly legal or equitable, yet its historical affinity is equitable." Stewart v. Shelton, supra [201 S.W.2d at p. 397]. Section 527.020 RSMo 1959, V.A.M.S., states that "Any person interested under a * * * written contract * * * may have determined any question of construction or validity arising under the instrument, * * * [or] contract, * * * and obtain a declaration of rights, status or other legal relations thereunder." By the petition in this case a justiciable controversy was presented by a person entitled to invoke the declaratory judgment act, and the issues alleged were ready for judicial determination. Stewart v. Shelton, supra.

We do not purport to rule on this appeal or to express an opinion as to the relief, if any, to which plaintiff is entitled. That is to be determined after a trial of the issues. But, we do rule that the trial court erred in entering judgment dismissing plaintiff's petition with prejudice on the ground that it had no jurisdiction.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM: The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY and STORCKMAN, JJ., and FINCH, Acting P. J., concur.

EAGER, P. J., not sitting.