BASTON, A MINOR, APPELLANT, *v.* SEARS, APPELLEE.

(No. 10105—Decided July 10, 1967.)

*Mr. Vernon Stiver,* for appellant.
*Mr. Albert Wettstein,* for appellee.

HUNSICKER, J. This is an appeal on questions of law from the sustaining of a general demurrer to a petition, and the dismissal of the petition.

William Curtis Baston, a minor, who sues by his mother and next friend, says he was born out of wedlock, and that since

then his mother has married a man other than his father. He further says he has no adequate remedy at law to establish his relationship and obtain support from James Russell Sears, his father. He asks "that a declaratory judgment be rendered determining his rights, status, and legal relations" as to James Russell Sears. He also asks that Sears be found "to be his parent and charged with his maintenance and support during his minority, with the further right to use the name of Sears * * *."

The sole question presented to this court is whether an illegitimate child may bring a declaratory judgment action to declare his status as a son of the man alleged to be his father, and secure thereby an order for his support and maintenance.

Chapter 2721 of the Ohio Revised Code contains the statutes concerning "Declaratory Judgments." Section 2721.-02, Revised Code, says:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

Three other sections of this chapter are of interest herein; they are Sections 2721.06, 2721.13, and 2721.14. These sections provide for a liberal and nationally uniform interpretation of such legislative enactment.

There are no reported Ohio appellate decisions bearing on the question before us. There have been several reported Ohio trial court opinions; two of which permit the maintenance of the action, and the other denies the remedy sought. These cases are: *Maiden, a Minor, v. Maiden*, 78 Ohio Law Abs. 551; *Wilson, a Minor, v. Early*, 23 Ohio Op. 2d 440; and *In re Paternity*, 4 Ohio Misc. 193, 33 Ohio Op. 2d 299.

It is the position of the appellee herein that a declaratory judgment action does not lie, and that only an action in bastardy, under Chapter 3111, Ohio Revised Code, will permit a determination of parenthood. Inasmuch as it is alleged that the mother of the appellant is now married, an action in bastardy cannot be maintained.

It is not necessary to bring an action in bastardy to secure support for an illegitimate child. *State* v. *Carter*, 175 Ohio St., 98.

It is thus sought, in this proceeding, to establish a third right of action whereby parenthood of an illegitimate child may be determined.

An examination of both the text writers, and cases in other jurisdictions where the question of the status of a child has arisen by way of an action in declaratory judgment, shows a liberal interpretation of the statutes governing such actions. Few cases grant the right to an illegitimate child; most cases deal with problems of adoption or inheritance. Thus, in Missouri, in *Keiser* v. *Wiedmer*, 283 S. W. 2d 914, and *State, ex rel. Anonymous,* v. *Murphy, Judge*, 354 S. W. 2d 42, it was held that status may be determined by a declaratory judgment action with relation to an alleged natural or adoptive parent. In *Morecroft* v. *Taylor*, 225 N. Y. App. Div. 562, the maternity of an illegitimate child was declared. In *Miller* v. *Currie*, 208 Wis. 199, the status of a child was declared.

Some states, like California, have special statutes which provide for an action by a child to determine parenthood. In *Carlson* v. *Bartels, Admr.*, 143 Neb. 680, 148 A. L. R. 658, 10 N. W. 2d 671, the court said that under the Declaratory Judgment Act a court could determine the parentage of a child. See, also, 26 Corpus Juris Secundum 115, Section 37.

2 Anderson, Actions for Declaratory Judgments 2 Ed. 1469, Section 643, says that this type of action can be used as desired in the instant case. Borchard, Declaratory Judgments 2 Ed., pages 484 to 487, does not say that such an action can be maintained, as is desired in the case before us, nor does he deny that such a remedy is an efficient way to reach the problem.

In the instant case, the appellant says he is illegitimate. As to that status, there can be no controversy. What is at issue is support from an alleged father, and the right to use that person's surname. It is elementary that there can be no right of inheritance in this state by the child from the alleged father. See Section 2105.17, Revised Code. We know of no right on the part of an illegitimate child to use the name of his alleged father, for at common law such a child was *filius nullius,*

and support only was granted to such a child by legislative enactment.

The Declaratory Judgment Act does provide a tribunal in which controversies may be determined which could not otherwise be presented for determination to a court having jurisdiction.

It may be also a desire on the part of the appellant not to bring a criminal action against the reputed father, and subject him to the punishment which could follow such action.

We believe that neither a bastardy action (which is a civil action) by the mother against the alleged father, nor the criminal action by the state against the alleged father, are the exclusive remedies to determine parenthood. The action by way of declaratory judgment will lie in the instant case.

The judgment sustaining the demurrer is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

BRENNEMAN, P. J., and DOYLE, J., concur.

BRENNEMAN, P. J., HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by assignment in the First Appellate District.