514 S.W.2d 848 (1974)
C____ S____ and C____ D____ S____, an infant, by C____ S____, her mother and next friend, Respondents,
v.
J____ W____, Appellant.
No. KCD 26774.
Missouri Court of Appeals, Kansas City District.
October 7, 1974.
*850 James Wilson Spencer, Kansas City, for appellant.
Jerome T. Wolf, Kansas City, for respondents.
Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.
SWOFFORD, Judge.
This is an appeal from a judgment in an action which is basically a filiation proceeding wherein the plaintiff, C____ S____, a single woman, individually and as mother and next friend of C____ D____ S____, a female child born May 18, 1969, seeks to establish the fact that the defendant, J____ W____, is the natural father of said child and also seeks awards for support and maintenance from the said J____ W____.
Plaintiffs' petition was filed November 16, 1970, and is drawn in three counts. Count I alleges that the defendant is the natural father of the plaintiff, C____ D____ S____; that he acknowledged such paternity by written contract dated July 23, 1969, and agreed to support the child; and that the mother has made numerous demands that the defendant provide reasonable support and maintenance, which defendant has refused and failed to provide. The original prayer in Count I asked for a judgment for reasonable support and maintenance for the child, attorney's fees and costs.
Count II of the petition adopts the allegations of Count I by reference; alleges and adopts by reference the contract of July 23, 1969, wherein the defendant agreed to pay $25.00 per week for the support and maintenance of the child beginning September 1, 1969; that the defendant has failed to comply with and has breached such contract; and that under the terms thereof he owes $1450.00 to and including November 2, 1970. The prayer in Count II asks for a money judgment under the contract of $1450.00 and for such additional payments as may have accrued under the contract since November 2, 1970, and for costs.
Count III of the petition incorporates by reference all of the allegations of Counts I and II, and further alleges that the mother, C____ S____, has incurred expenses in connection with the birth of the child and providing the child with *851 necessities since May 18, 1969, for which she has made demand upon the defendant for reimbursement; that defendant has refused reimbursement; and that to the date of filing of the action, such expenses amount to approximately $2500.00. The prayer in Count III asks for a judgment of $2500.00 for such expenses to November 2, 1970, together with cost of necessities for the child since November 2, 1970, attorney's fees and costs.
In answer to this petition, the defendant generally denied the allegations of Counts I, II and III. He further pleaded that the agreement of July 23, 1969 was obtained through "coercion and duress and was not a voluntary act on the part of said defendant", and that plaintiffs' petition did not state a cause of action and should be dismissed.
The agreement of July 23, 1969, after identifying plaintiff C____ S____ as party of the first part, and the defendant as party of the second part, in pertinent part provides:
"WHEREAS the PARTY of the FIRST PART is unmarried and is the mother of C____ D____ S____, born out of lawful wedlock on the 18th day of May, 1969;
AND WHEREAS the PARTY of the SECOND PART acknowledges that he is the putative father of the said child of the PARTY of the FIRST PART;
AND WHEREAS the PARTIES are desirous of entering into the herein agreement in order to provide for the future care, maintenance, and education of the said child.
NOW THEREFORE THIS AGREEMENT WITNESSETH
that in consideration of the premises and the covenants hereinafter expressed and contained, the PARTY of the FIRST PART and the PARTY OF THE SECOND PART do covenant, undertake and agree the one with the other as follows
1. That PARTY of the SECOND PART shall pay to the PARTY of the FIRST PART on Monday of each week, an allowance of Twenty-five ($25.00) Dollars weekly, for the care, maintenance, and education of the child, C____ D____ S____, until the said child attains the age of 21 years, or until the PARTY of the FIRST PART and the PARTY of the SECOND PART are married to each other, whichever event shall first occur; the first of such payments to be made on the 1st day of September, A.D., 1969. * * *"
The contract further provided that the mother, C____ S____, should have sole custody of the child but reserved to the defendant the right of reasonable visitation. The contract was signed by the parties and their signatures notarized.
Before the start of the trial of this case in the court below, counsel for the plaintiffs asked for and was granted leave to amend the prayers to Counts I and II of the petition by interlineation to ask that the defendant, J____ W____, be declared the natural father of the plaintiff C____ D____ S____. Counsel for the defendant orally objected to such amendment upon the ground that it would change the cause of action from one upon "a simple contract" to a "declaratory judgment" action. On the following day and before the start of the trial, counsel filed a written motion asking the court to set aside its order permitting plaintiffs to amend, which motion was overruled.
At no time, however, did the defendant make any oral or written request that the case be continued upon the basis of surprise or for any other reason.
A jury was impaneled to try the fact issues. At the close of the evidence, the court properly instructed the jury that if they believed that the defendant was the *852 natural father of C____ D____ S____, the verdict must be for the plaintiffs as to Counts I and III. As to Count II, the court gave the following instructions:
"INSTRUCTION NO. 5
Your verdict must be for plaintiffs on Count II of plaintiffs' Petition if you believe:
FIRST, defendant is the natural father of plaintiff C____ S____, and
SECOND, defendant entered into an agreement to make payments for the support of plaintiff C____ S____
unless you believe plaintiffs are not entitled to recover by reason of Instruction No. 6."
"INSTRUCTION NO. 6
Your verdict must be for defendant on Count II of plaintiffs' petition if you believe that defendant J____ W____ was subjected to threats of plaintiff C____ S____ (and) that he did not voluntarily enter into the support agreement."
The jury returned its verdict finding for the plaintiffs on Counts I and III and a separate verdict finding for the plaintiffs on Count II. The verdicts were received and the court, without a jury, thereupon heard additional evidence as to the various items of care, maintenance, expense for and needs of C____ D____ S____ and income of the parties, and entered its judgment adopting the findings of the jury as to paternity and the validity of the contract, and awarding the plaintiffs the sum of $5,361.50 on Count II, and on Count III up to July 21, 1972, and further ordering the defendant to pay the sum of $25.00 per week for the support of C____ D____ S____ beginning July 24, 1972. It is from this judgment that defendant appeals. The appeal was first lodged in the Supreme Court of Missouri but was transferred to this court by order dated May 22, 1973.
The defendant does not challenge the sufficiency of the evidence and no useful purpose would here be served by a statement thereof, but some preliminary observations are necessary to the decision of the issue before us.
The General Assembly of Missouri has never enacted the Uniform Illegitimacy Act and until recently compulsory filiation proceedings were unknown in this state. In fact, since the case of Easley v. Gordon, 51 Mo.App. 637 (1892) until 1968, there was no legally enforceable duty upon the natural father of an illegitimate child to furnish support and maintenance to such child, and that duty rested solely upon the mother. In 1968, the Supreme Court of the United States held that the Equal Protection Clause of the Fourteenth Amendment, United States Constitution, prohibited the states from discriminating between legitimate and illegitimate children. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436; Glona v. American Guarantee and Liability Insurance Company, 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441. Under the compulsion of Levy and Glona, the Supreme Court of Missouri, in the case of R____ v. R____, 431 S.W.2d 152 (1968), reversed and remanded a judgment of dismissal in a declaratory judgment action wherein plaintiffs sought a declaration of paternity and support and maintenance from the natural father of an illegitimate child. In so doing, the court said, l.c. 154:
"* * * The principles applied by the United States Supreme Court would render invalid state action which produces discrimination between legitimate and illegitimate children insofar as the right of the child to compel support by his father is concerned. Under the guise of discouraging illegitimacy, states may no longer cast the burden upon the innocent child." (Emphasis supplied)
In R____ v. R____, the court concluded that "prior cases to the contrary are no longer to be followed" and remanded the *853 case for trial upon the issues raised in the declaratory judgment action. See also: In re L____, 461 S.W.2d 529, 531-532 [1] (Mo.App.1970).
Thus, the legal disability of illegitimate children to seek support and maintenance from their natural father was firmly removed and no such harsh rule now exists in this state.
Another principle that merits our attention in this case is that Declaratory Judgment Acts (such as ours) afford a proper vehicle for the determination of the parentage and the legal status of a child with regard to a natural or adoptive parent. 26 C.J.S. Declaratory Judgments, § 37, p. 115; Keiser v. Wiedmer, 263 S.W.2d 63, 66 (Mo.App.1954); State ex rel. Anonymous v. Murphy, 354 S.W.2d 42, 43 [2] (Mo.App.1962); In re L____, supra; R____ v. R____, supra. Our statute, Section 527.010 RSMo 1969, V.A.M.S., provides:
"The circuit courts * * * shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed, * * * and such declarations shall have the force and effect of a final judgment or decree." (Emphasis supplied)
and it is clearly within the scope of this section that such action falls.
In seeking our mandate of reversal, the defendant relies upon three points, all of which relate to matters of pleading. While not clearly stated in the points relied on, we glean from a study of them and defendant's argument in the brief, that his first contention is that the plaintiffs' petition originally alleged an action in contract in Counts I and II and that the court erred in permitting the plaintiffs to amend the prayers in such counts asking for a declaration that defendant is the natural father of C____ D____ S____. Defendant asserts that such amendment changed the nature of the causes of action in those counts from legal actions on contract to actions of an equitable nature asking declaratory relief in the form of bastardy or paternity proceedings. We do not agree.
It is clear that, while plaintiffs' petition is not a model of pleading, Count I was intended to establish the paternity of the child under the Declaratory Judgment Act. Count II stated a cause of action on the written contract, and Count III sought recoupment from the natural father for expenses incurred by the mother incident to the birth of the child and for her care and maintenance since birth.[1] Liability of the defendant was dependant upon a finding that he was, in fact, the natural father of the child and thus responsible for her support and maintenance.
It is apparent that Count I was never intended to be based upon a contract, but sought only reasonable support and maintenance from the father, to be determined by the court on the evidence, not under the contract. While the contract is pleaded by reference, it is clear that in the context of Count I such was done as an evidentiary fact or admission to establish paternity.
It has long been the rule in the area of pleadings, both before and after the adoption of our present code, that the prayer of a petition may be and frequently is disregarded in determining what relief, if any, is authorized by the allegations therein, and is technically no part of the petition. Caldwell v. Eubanks, 326 Mo. 185, 30 S.W.2d 976, 980 [12], 72 A.L.R. 621 (1930); Salmons v. Dun and Bradstreet, 349 Mo. 498, 162 S.W.2d 245, 252 [9], 141 A.L.R. 674 (1942); LaPresto v. *854 LaPresto, 285 S.W.2d 568, 571 [9, 10] (Mo. 1955); State ex rel. MLH v. Carroll, 343 S.W.2d 622, 629 [13] (Mo.App.1961). Under this line of authorities, it follows that the same result could have properly been reached in this case even in the absence of the permitted amendment to the plaintiffs' petition.
In addition, the whole spirit of our present rules of practice is to freely permit amendments to pleadings "when justice so requires", Rule 55.33(a), V.A.M. R., even after judgment, to conform to the proof, Rule 55.33(b), and issues not raised by the pleadings but tried by express or implied consent shall be treated in all respects as if pleaded, Rule 55.33(b). Courts should be liberal in granting permission to amend and such permission rests in the trial court's discretion, and such ruling is not to be disturbed upon appeal where there is not any showing that such discretion has been palpably and obviously abused. Parsons Construction Co. v. Missouri Public Service Co., 425 S.W.2d 166 (Mo.1968); Kallenbach v. Varner, 502 S.W.2d 446 (Mo.App.1973). These principles are particularly applicable to proceedings in equity, Cannon v. Bingman, 383 S.W.2d 169, 173 [1-3] (Mo.App. 1964); Allen v. Allen, 433 S.W.2d 580, 583 [8] (Mo.App.1968); Korn v. Ray, 434 S.W.2d 798, 804-805 [9] (Mo.App. 1968). While actions for declaratory judgments are sui generis and are said to be neither strictly legal nor equitable, such actions have their historical affinity in equity and are governed by equitable principles. Mutual Drug Co. v. Sewall, 353 Mo. 375, 182 S.W.2d 575, 576 [1] (1944); Gurniak v. Liszewski, 411 S.W.2d 84, 86 [4] (Mo.1967).
The record in the case before us clearly demonstrates that all parties and counsel were well aware throughout the litigation that the main question for decision was whether or not the defendant was the natural father of plaintiff C____ D____ S____. Count I specifically alleged this fact and defendant's answer denied this fact. The issue thus drawn was vigorously tried over a period of several days and the issue sharply defined and submitted to the jury. While defendant objected to the amendment of the petition, he asked for no further relief in the trial court by way of continuance or time to otherwise respond to the amendment.
We hold that the trial court acted within its sound discretion in permitting the amendment and that the defendant was not prejudiced thereby.
The defendant further presents the rather obscure and completely untenable argument that the amendment not only converted a stated contract action into a declaratory judgment action seeking that the defendant be declared the "legal" father of C____ D____ S____, but that by so doing the public policy of Missouri was violated. This theory of defendant is bottomed upon the assertion that such a declaration may or could at some future time affect the defendant's estate and the rights of his other heirs to their proper inheritance.
This argument must fail. In the first place, the amendment requested and granted was that the prayers be amended to request a declaration that the defendant was the "natural" father of C____ D____ S____, a condition precedent to the imposition of responsibility on the defendant for support and maintenance under the authorities above cited. It would seem clear that if illegitimate children are to enjoy equal rights and equal protection of the law as legitimate children, this would necessarily include the rights of inheritance. But such considerations are highly speculative, subject to numerous future contingencies, the execution of a valid will by the defendant, intervening deaths of heirs, and countless other possibilities of change of conditions. State ex rel. Anonymous v. Murphy, supra. Questions of the child's right to inherit from her natural father were not before the court below and need not be decided *855 here. We decline to do so. Appellant's first point is ruled against appellant.
The defendant's second point on this appeal is that the plaintiffs' petition does not set forth facts sufficient to entitle them to relief under the Declaratory Judgment Act by failing to allege the existence of a justiciable controversy and by not including interested parties (wife and legitimate children of defendant) as required by Section 527.110 RSMo 1969, V.A.M.S.
The authorities and discussion above demonstrate the fallacy of the alleged inadequacy of Count I of the petition. The birth of the child is alleged, the maternity of the plaintiff C____ S____, the paternity of the defendant, and his refusal to support and maintain the child are clearly and unequivocally set forth. These allegations were met by defendant's denial. A justiciable controversy thus clearly appears. In that state of the record, it is not necessary that the legal conclusion, that "a justiciable controversy exists", be stated. It is clearly apparent that it does. The courts of this state have unequivocally declared that in determining whether or not a petition, including one for declaratory judgment, states a claim, its language must be given a liberal construction, the allegations given their reasonable intendment, and fair implications indulged from the facts stated. Wells v. Henry W. Kuhs Realty Co., 269 S.W.2d 761, 767 [1], 47 A.L.R.2d 1038 (Mo.1954); City of Creve Coeur v. Creve Coeur Fire Protection District, 355 S.W.2d 857, 859 [4, 5] (Mo.1962). The real test of the sufficiency of the averments of a petition for declaratory judgment is whether the petition invokes substantive principles of law which entitle plaintiff to relief. Schmitt v. City of Hazelwood, 487 S.W.2d 882, 884 [4] (Mo. App.1972). Count I of the petition before us meets this test.
Defendant further attacks the petition on the grounds that under Section 527.110 RSMo 1969, V.A.M.S., the defendant's wife and legitimate children should have been joined as parties. In other words, he asserts a fatal defect in the parties. It is not necessary for us to (and we do not) rule that the statute requires or would permit their joinder in this action. Such point was waived by defendant since he did not raise this point by motion or answer or after trial motion in the court below and the point surfaces for the first time before us in his brief. The alleged defect was waived. Ray v. Nethery, 255 S.W.2d 817, 819 [3] (Mo. 1953).
One further observation is in order on the second point relied upon by defendant. Count II of plaintiffs' petition does not seek a declaration of rights under the support contract of July 23, 1969; it seeks merely to enforce the terms thereof. The defense thereto was that it was procured from defendant under duress and by means of threats, and was therefore invalid and unenforceable. This issue was tried and submitted to the jury, which found adversely to defendant's position. No claim is made that such finding was not based upon sufficient competent evidence. The validity of the contract was thus determined and, using the words of the defendant in his brief:
"* * * There is nothing uncertain about the terms of the contract, and there is nothing controversial or ambiguous in the contract. It is simply a fact that the Appellant has not complied with the terms therein, requiring only a judgment on said contract for Respondent, and, as other judgments in Missouri, relief through the process of execution and garnishment. * * *"
The second point is ruled against appellant.
The third and last point raised by defendant is as follows:
"Respondents' petition does not set forth sufficient facts or allegations that *856 would require relief under any common law action."
This obviously does not comply with the provisions of Rule 84.04(d), requiring that the points relied on shall state "what actions or rulings of the court are sought to be reviewed" and "wherein and why" they are claimed to be erroneous.
A close scrutiny of the brief of defendant relating to this point, however, discloses that it is directed primarily to the proposition that the plaintiffs could not recover under Count III for past expenses incident to the birth and care of C____ D____ S____. The record in this case, however, discloses that no direct pretrial attack was made upon this Count of the petition by motion or otherwise, and that no objection was made as to the evidence offered by the plaintiffs to support this claim. Regardless of these failures on the part of the defendant, a close review of his brief and the authorities cited therein disclose that the point is completely without merit.
Defendant contends that such sums are not recoverable from him because he and C____ S____, the mother, are not married, and that other remedies exist whereby such sums can be legally recovered. He cites as authority for such position cases involving mentally or physically defective children, child support in conection with divorce and separate maintenance proceedings and for breach of promise. Such cases are not authoritative or even pertinent here. We hold that under R____ v. R____, supra; State ex rel. Anonymous v. Murphy, supra; In re L____, supra; and the other cases cited herein, recovery on Count III was proper and within the clear obligations imposed upon the defendant as natural father of C____ D____ S____. The third point of defendant is ruled against him.
For the reasons herein stated, the judgment is affirmed.
All concur.
NOTES
[1] A petition for declaratory relief may seek additional relief, Hudson v. Jones, 278 S.W. 2d 799, 803-804 [6, 7] (Mo.App.1955), and such claims are properly stated in separate counts, City of Creve Coeur v. Creve Coeur Fire Protection District, 355 S.W.2d 857, 859 [6] (Mo.1962).