L. G. GARFUNKEL, Respondent,

v.

A. GARFUNKEL, Appellant.

No. 42980.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

Robert G. Brady, St. Louis, for appellant.

Frank Susman, Clayton, for respondent.

REINHARD, Judge.

This case involves an appeal by Arthur Garfunkel from an order of the trial court

granting summary judgment declaring a Haitian divorce decree null and void.

This action was filed in St. Louis County Circuit Court. The petition alleged that A. Garfunkel (hereinafter referred to as "husband") and L. G. Garfunkel (hereinafter referred to as "wife") were married in Nashville, Tennessee, on October 12, 1972. The wife alleged that she had been a resident of the State of Missouri for more than three years prior to the filing of the petition and that husband presently resided in the State of New York. She further alleged that on or about April 23, 1975, while she was a resident of and domiciled in the State of Virginia and husband was a resident of and domiciled in the State of Connecticut, a decree of divorce was purportedly entered by the Republic of Haiti. The wife requested the Missouri court to declare the Haitian divorce decree null and void and the marriage between husband and wife presently existing.

Husband was served in the State of New York. He entered his appearance for the sole purpose of challenging the jurisdiction of the court. He filed a motion to dismiss contending the relief requested required in personam jurisdiction over him and that the court lacked such jurisdiction.

Wife filed her motion for summary judgment alleging that no fact issues remained and that she was entitled to judgment as a matter of law. In sustaining wife's motion, the court found the marriage of October 12, 1972 to be presently existing and the decree of divorce of the Republic of Haiti to be a nullity.[1]

On appeal, the principal issue before us is: can a Missouri trial court make an order declaring a foreign divorce decree null and void absent in personam jurisdiction over one of the parties to the divorce?

■ Initially, we note wife contends husband submitted to the personal jurisdiction of the court by his filing of pleadings and court activities. We have examined the record and find that the husband was careful to qualify each act as being made by special appearance. Clearly this contention by the wife is without merit. See Greenwood v. Schnake, 396 S.W.2d 723 (Mo.1965).

On appeal, husband argues that the trial court erred in denying his motion to dismiss for lack of personal jurisdiction and in granting petitioner's motion for summary judgment. He maintains that he did not have contacts with the State of Missouri sufficient to vest the court with the necessary in personam jurisdiction over him.

■ Wife argues that the court had sufficient in rem jurisdiction to enter a summary judgment declaring the Haitian divorce decree null and void and the marriage of the parties existing. She premises this argument on the belief that this court's order merely declares a "status" that is within its jurisdiction; the "status" being the continuing validity of the parties' marriage.

Husband responds by arguing that the type of jurisdiction necessary to permit a certain declaration depends on the consequences of the declaration sought. He maintains that the action involved here does not merely declare a "status"; rather it affects his personal obligations and rights and therefore the court needed in personam jurisdiction before it could act.

The parties admit that they have found no case law directly on point. However, husband has cited to us the Pennsylvania case of Melnick v. Melnick, 147 Pa.Super. 564, 25 A.2d 111 (1942) wherein a husband brought a declaratory judgment suit against the woman to whom he was once

---

1. We note the record reveals that it was the wife who obtained the Haitian divorce. Further the following facts are admitted: husband does not now and, in fact, has never had any contacts with the State of Missouri. He does not now own and has never owned any real or personal property in Missouri. He does not now and has never maintained any bank accounts in Missouri. He has never filed a tax return nor paid taxes in Missouri. Since 1975, husband has filed tax returns in and paid taxes to the State of New York. He has never had a Missouri drivers' license nor any other legal relationship with the State of Missouri.

married seeking a declaration that a Nevada divorce decree involving the husband and wife was invalid. Unlike the case at bar, the wife had been personally served within the court's jurisdiction. However, in dicta, the Pennsylvania court noted that "personal service on . . . [wife] necessary to give our court's jurisdiction, could only be made in Pennsylvania." *Id.* 25 A.2d at 119. The parties cite numerous cases which they submit are somewhat analogous to our situation. We find none of these cases controlling.[2]

After examining the arguments of both parties, we conclude that a Missouri court cannot declare a foreign divorce decree void in the absence of in personam jurisdiction over both parties.

Such action affects the rights of the parties to such a significant degree that both need to be before the court. It is likely that parties to a foreign divorce would rely on its validity. Therefore, a subsequent voiding of same would affect the personal and property rights of not only the parties to the foreign divorce but the spouses and children of remarriages. Any argument contending that such action affects a "status" only and not personal rights is without merit.

Finding as we do here that the court lacked the necessary in personam jurisdiction over the husband, we reverse the judgment of the trial court.

CRIST, P. J., and SNYDER, J., concur.

---

2. Among the cases cited by the parties is *State ex rel. Anonymous v. Murphy*, 354 S.W.2d 42 (Mo.App.1962). Both parties rely on *Murphy* as being helpful to their respective positions. In *Murphy* two minors, by their next friend and mother, brought suit seeking a declaratory judgment that defendant, a nonresident of Missouri, was the natural father of the two minors. Personal service was not obtained on defendant and as a consequence, the trial judge sustained a motion to quash the service. The two minors by their next friend sought a writ of mandamus in the Missouri Court of Appeals ordering the trial judge to set aside his order quashing service and to hear the paternity action. There, the appeals court ruled that the proceeding was not one seeking the declaration of a status that was within the jurisdiction, but rather an action seeking a binding personal judgment against the absent father. Because the trial court lacked personal jurisdiction over the defendant and the service upon defendant outside the state was unauthorized and ineffective, the trial judge properly quashed the service. The writ was denied and dismissed.