**James Richard RUSSELL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 12631.

Missouri Court of Appeals, Southern District, Division Three.

June 8, 1982.

**T. E. C., et al., Plaintiffs-Respondents,**

v.

**K. B., et al., Defendants-Appellants.**

No. 12398.

Missouri Court of Appeals, Southern District, Division Three.

June 8, 1982.

---

1. We affirmed appellant's convictions in his direct appeal in *State v. Russell*, 581 S.W.2d 61 (Mo.App.1979).

John M. Beaton, Terry M. McVey, Welman, Seabaugh, Beaton & Williams, Kennett, for plaintiffs-respondents.

Arthur T. Stephenson, Caruthersville, Wendell W. Crow, Ford, Ford, Crow & Reynolds, Kennett, for defendants-appellants.

MAUS, Chief Judge.

By its judgment in this declaratory judgment action, the circuit court declared the two illegitimate minor plaintiffs to be the children of a named decedent. The defendants included the administratrix of the intestate decedent's estate and, but for the plaintiffs, the decedent's heirs at law. The administratrix in her representative capacity and as one of those heirs at law has appealed.

■ The appellants' first point is that the trial court erred because "a cause of action to establish paternity does not survive the death of the alleged father". Because of the limited record on appeal and points relied on, the review of this case is very limited. This court need not and will not explore questions such as the relationship between the circuit court and the probate division of the circuit court and the right of an administratrix to appeal from such a judgment.

Assuming the same would otherwise govern this action, new § 474.060 is not applicable. The judgment in this case was entered June 8, 1981. New § 474.060 was effective June 10, 1981.

The appellants' first point has been ably and succinctly answered. "We can find no logical reason to hold that an action to establish the paternity of an illegitimate child abates upon the death of the putative father." N. R. v. R. J. D., 588 S.W.2d 76, 79 (Mo.App.1979). Neither can this division. The first point is denied.

■ The appellants' other point is that the trial court erred in not dismissing the individual heirs "from the lawsuit." "It is well recognized that a Declaratory Judgment Act, such as ours, is applicable generally to determine the parentage of a child and the status of a child with relation to an alleged natural or adoptive parent." State v. Murphy, 354 S.W.2d 42, 43 (Mo.App. 1962). Also see S——— v. W———, 514 S.W.2d 848 (Mo.App.1974); In Re L———, 461 S.W.2d 529 (Mo.App.1970). Rule 87.04 in part provides "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." The trial court did not err in denying the individual heirs' motion for dismissal. The judgment is affirmed.

BILLINGS, P. J., TITUS and FLANIGAN, JJ., concur.