William L. MATHEWS,
Plaintiff–Respondent,

v.

Joseph SEEBURGER,
Defendant–Appellant.

No. 16707.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 1991.

John L. Woodward, Woodward and Rohrer, P.C., Steelville, for defendant-appellant.

William L. Mathews, pro se.

HOGAN, Judge.

This cause originated as an action on account in the Small Claims Division of the Circuit Court of Crawford County. The case involves the sale of twenty-four bales of hay to the defendant, an automobile

dealer who lives in Illinois. The record indicates that the contract was both made and to be performed in Missouri.

The legal file reflects that a petition was filed on January 25, 1988. A writ of summons was issued the same day. The defendant was served with a copy of the petition and summons by certified mail, restricted delivery. The return receipt indicates the petition and summons were delivered to the defendant at his residence in or near Centralia, Illinois, on January 27, 1988, and the defendant signed the receipt. On February 11, 1988, the defendant, by attorney, moved the small claims court to quash service on the ground that service by mail did not invest the court with in personam jurisdiction. The court denied the motion and entered judgment for the plaintiff in the amount of $255 and costs. Defendant thereupon requested a trial de novo as provided by Rule 151.01 and § 482.365.2, RSMo 1986.[1] He renewed his motion to quash service. The associate circuit judge to whom the case was assigned denied this motion, heard the cause de novo and gave judgment for the plaintiff in the amount of $255 plus interest and costs. The defendant thereupon appealed to this court pursuant to § 512.190.2.

■ It is assumed that the defendant is amenable to the jurisdiction of the small claims court under the long arm statute, § 506.500.1, and Rule 54.06(a). We do not address that aspect of the case. The proof, as distinguished from the method, of service is not questioned here and was not challenged in the trial court. The sole question before us is whether service by certified mail pursuant to Rule 142.02 invests the small claims court with jurisdiction to render an in personam judgment. The answer is that it does, and the judgment is affirmed.

On February 11, 1987, our Supreme Court promulgated Rule 142.02 prescribing methods of service of process in the small claims division of the circuit court. The rule became effective January 1, 1988. It was in effect when this proceeding was commenced. Rule 142.02 reads as follows:

"Service may be made by methods for obtaining service of process in circuit courts *or by mailing a copy of both the summons and the petition to the defendant at his last known address by certified mail, return receipt requested, delivery restricted to the addressee.* If service by mail is attempted, the envelope and the return receipt shall be stamped with the docket number of the case. The receipt for certified mail shall state the name and address of the addressee and the date of mailing and shall be attached to the original summons. The return receipt when signed by the addressee or, if the addressee is a corporation, its agent, and when returned to the clerk of the small claims division, shall be attached to the original summons. If the return receipt shows delivery at least ten days before the day for appearance, it shall constitute proof of service." (Emphasis added.)

The defendant has briefed this case without reference to Rule 142.02. He concedes, as we understand his brief, that § 506.510 would have authorized personal service of the petition and summons outside the state. He acknowledges that § 482.350 authorizes service by mail in a small claims proceeding, but argues that it does not look to extraterritorial service in any event, therefore the small claims court never obtained personal jurisdiction of the defendant by any means authorized by the statutes, the rules or the case law. In particular, we are cited to *State v. Murphy,* 354 S.W.2d 42 (Mo.App.1962), a case in which it was held that service by mail pursuant to former Rule 54.08(a)[2] did not vest the trial court with personal jurisdiction to declare the rights and obligations of a person alleged to be the father of certain minor children.

---

1. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise noted.

2. Former Rule 54.08(a), which has been amended and renumbered as Rule 54.12, read, in pertinent part, that "[s]ervice by mail or by publication shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any *res* or *status within the jurisdiction of the court,* ..." (Emphasis added.)

We have no doubt that *Murphy* and the other precedents cited to us soundly declare the law in effect at the time, but they are not controlling in this case.

The extension of in personam jurisdiction by the enactment of long arm statutes authorizing the use of substituted or constructive service is a complex subject, and a general discussion of the subject is well beyond the scope of this opinion.[3] Our concern in this case is whether the particular notice mechanism employed—service by mail—has afforded the defendant due process so as to vest the small claims court with jurisdiction to adjudicate a suit on account.

It has been said that:

"At the core of the procedural due process right is the guarantee of an opportunity to be heard and its instrumental corollary, a promise of prior notice. The constitutionality of a particular notice mechanism is not to be judged by its actual success ... but turns instead on whether the chosen method is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "

L. Tribe, *American Constitutional Law*, § 10–15, pp. 732–33 (2d ed. 1988), citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Professor Tribe suggests that there are particular types of legal interest which may require greater certainty of notice, L. Tribe, *supra* at 733, but he also calls attention to the United States Supreme Court's decision in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983), which suggests that notice by mail or other means as certain would constitute an effective notice mechanism. Our research indicates that in most circumstances notice sent by ordinary mail would be deemed reasonably calculated to inform interested parties that their property rights are in jeopardy and therefore afford them the notice component of proce-

dural due process. *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 483, 108 S.Ct. 1340, 1343, 99 L.Ed.2d 565 (1988); *Weigner v. City of New York*, 852 F.2d 646, 649–50[1–3] (2d Cir.1988).

 The method of commencing an action and of serving process is a matter properly regulated by rule, *Slack v. Englert*, 617 S.W.2d 483, 486 (Mo.App.1981), and in our view, Rule 142.02 prescribes a valid method of service by mail in small claims actions. The defendant was served by certified mail and he does not argue any failure to comply with the requirements of the rule. The service of process was not defective for any reason advanced in this court, and accordingly the judgment is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.

**3.** See F. James and G. Hazard, *Civil Procedure*, §§ 2.16–2.18, pp. 78–86 (3d ed. 1985).